**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

OLIVIER LE QUEINEC,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No. 1:26-cv-05547

Judge Joan H. Lefkow

Magistrate Judge M. David Weisman

**DECLARATION OF YANLING JIANG**

I, Yanling Jiang, declare as follows:

1. I am an attorney at JiangIP LLC, counsel for Plaintiff Olivier Le Queinec ("Plaintiff") in this action. I am admitted to practice law in the States of Illinois and California. I make this Declaration based on my personal knowledge, except where stated on information and belief, and if called to testify I could and would do so competently. The matters below regarding (a) the structure and operation of the People's Republic of China ("PRC") business-registration system, (b) Chinese-character addresses and Chinese-language mapping services, and (c) the platform records of the Defendants rest on the following bases: I was born and raised in the PRC, where I resided for approximately twenty years; I am a native speaker of Mandarin Chinese with full reading proficiency in simplified Chinese characters; I personally reviewed each platform and registry record described below; and I have direct professional familiarity with the PRC entity-registration system and with Chinese-language mapping services.

2. The Hague Service Convention, by its own terms, "shall not apply where the address of the person to be served with the document is not known." Hague Service Convention

art. 1, Nov. 15, 1965, 20 U.S.T. 361, 362. This Declaration and the accompanying Exhibits A and B describe the efforts undertaken to ascertain and verify the address of each of the seventy-seven Defaulting Defendants identified in First Amended Schedule A, and the results.

3. Of the seventy-seven Defaulting Defendants, 70 disclose a mainland PRC address or no address beyond "China" (the "PRC Defaulting Defendants"), 6 disclose a Hong Kong Special Administrative Region address (Nos. 45, 48, 59, 62, 82, and 84), and 1 discloses an address in Vietnam (No. 86). Exhibit A organizes the PRC Defaulting Defendants into seven groups (Groups A through G) according to the way each address fails, and addresses the Hong Kong and Vietnam Defendants separately.

4. **Address ascertained.** For each Defaulting Defendant, I began with the address the platform states for the seller on its seller profile or store-information page, or, for the three PayPal sellers (Nos. 86, 87, and 88), the address stated on the Defendant's own website. Each address is quoted verbatim in Exhibit A, with Chinese characters preserved and line breaks on the source page shown by a slash.

5. **Address searched.** Each stated address was searched on Google web search, Google Maps, and Baidu Maps (百度地图), and a screenshot of each search was captured on August 11, 2026. The mechanical searching and screen capture were performed by a research associate working under my direction and supervision; I personally examined the captures, and I personally read and interpreted the Chinese-language search results. Where a Baidu Maps search was not entered in Chinese characters, or where the service changed the search city, I do not rely on that search, and Exhibit A does not report it. For the eleven Group E Defendants, the Baidu Maps searches were re-run in Chinese characters on October 1, 2026, and the live Amazon seller profiles were re-checked that day; an attempt to run Amap (高德地图) searches that day was

blocked by the service, and the Temu seller pages could not be re-captured because of a security-verification block. For the eleven Group F Defendants, the live Amazon and Walmart seller profiles were re-checked on October 2, 2026. For the nine Group G Defendants, the Baidu Maps searches were re-run in Chinese characters on October 1, 2026, except for No. 67, for which no Baidu Maps capture was produced and I rely on the earlier Google Maps captures; the live Amazon seller profiles for Nos. 18 and 25 were re-checked that day and were unchanged, and the Temu seller pages for the other seven could not be re-captured because of the security-verification block. All of this research was desk research; no one visited any address.

6. **Platform records.** I reviewed the records that Amazon, Temu, Walmart, and PayPal produced to Plaintiff's counsel under paragraph 1 of the Court's Order [16]. The address in each platform's records is stated in the last column of Exhibit A. Temu's production lists only an e-mail address for each Temu seller and no physical address for any of them; it lists the same e-mail address for Nos. 54 and 71, for Nos. 64 and 69, for Nos. 76 and 79, and for Nos. 82 and 84. For seventeen Defaulting Defendants (Nos. 1, 2, 4, 5, 6, 10, 11, 14, 15, 17, 18, 23, 24, 25, 27, 28, and 32), Amazon's production lists more than one address, or an address different from the one displayed on the seller's storefront. For Nos. 10, 15, 17, 18, 23, 24, 25, 27, and 28, the address in Amazon's production differs from the storefront address. For Nos. 1, 2, 4, 5, 6, 11, 14, and 32, Amazon's production lists the storefront address together with at least one additional address, in most instances in a different city or province. For each of these seventeen Defendants, the platform's own records therefore state conflicting addresses, and I could not determine which address, if any, is a place where the Defendant can be served. For each of them, the address that the investigation identifies as the most likely to be the Defendant's was not verified as a real, current location at which the Defendant could be served, as stated in Exhibit A, and it is not an

address to which a request under the Hague Service Convention could reliably be directed. PayPal's production lists addresses for Nos. 87 and 88 that differ from the addresses on their websites. Walmart's production lists no legal address for No. 33.

7. **PRC business-registry check.** I checked each of the 70 PRC sellers against the Tianyancha (天眼查) PRC business-registry database using the business name disclosed on the platform (or, where the storefront name is in Chinese characters, that name), and read the Chinese-language registry records myself. The searches were run on August 25, 2026; the searches for the Group E and Group G Defendants were re-run on October 1, 2026, and those for the Group F Defendants on October 2, 2026. The results are compiled in Exhibit B. For 23 of the 70 PRC sellers (Groups A and B), the search returned no registered entity matching the seller. None of those 23 sellers discloses a registered Chinese-character legal name; each platform identifier is a romanized pinyin string, an English-language storefront alias, or no name at all.

8. **Groups A through D.** Each of the ten Group A Defendants (Nos. 41, 50, 55, 73, 75, 76, 77, 79, 81, and 83) discloses an address of "N/A" and a country of "China," and no street, city, or district. For each of the thirteen Group B Defendants, the searches did not place the stated unit or premises; they resolved, at most, to a township, village, neighborhood, compound gate, street, or street number, and for No. 24 Baidu Maps lists an unrelated business at the stated street number. For each of the nine Group C Defendants, the registry returned only entities registered in a different province from the disclosed address (Nos. 2, 5, 9, 16, and 40), several similarly named entities none of which is registered at the disclosed address (Nos. 22, 54, and 71), or, for No. 29, only a Hong Kong company with no registered address in the mainland. For each of the seven Group D Defendants, the entity registered at the disclosed address is cancelled (注销), except No.

43, which has been listed since April 29, 2021 as unreachable at its registered address. The map results for each of these Defendants are stated in Exhibit A.

9. **Group E.** For each of the eleven Group E Defendants (Nos. 6, 8, 13, 14, 21, 44, 56, 63, 65, 66, and 70), the registry returned an entity registered at the disclosed address, but the stated location cannot be shown on the map or contains no unit. Specifically: the address is a directional or landmark description that no map resolves (Nos. 6 and 14); the search resolves only to a village or hamlet (Nos. 8 and 13); the address stops at a courtyard or building with no unit (Nos. 21, 44, and 70); the address is a self-declared address that no map resolves (No. 65); or the search resolves only to an area or compound in which the stated building, row, or unit does not appear (Nos. 56, 63, and 66). On October 1, 2026, the live Amazon seller profile for No. 14 displayed a different business name and an address in Hunan Province rather than Henan Province.

10. **Group F.** For each of the eleven Group F Defendants (Nos. 4, 7, 10, 15, 17, 27, 28, 31, 33, 38, and 57), the registry returned an entity at the disclosed address, but other records undercut the match, as stated in Exhibit B, including abnormal-operations listings (经营异常) entered in July 2026 and not removed (Nos. 4, 7, 15, 17, 28, 38, and 57) and multiple near-identical entities, at least one of them cancelled (Nos. 7, 28, and 33). The primary entity for No. 33, shown as in existence on August 25, 2026, was shown as cancelled on October 2, 2026. For Nos. 10, 15, 17, 27, and 28, Amazon's records place the seller at a different address. None of the map searches for these Defendants located the stated unit or premises, and none showed a business bearing the Defendant's name at the stated location.

11. **Group G.** For each of the nine Group G Defendants (Nos. 18, 25, 37, 46, 52, 61, 64, 67, and 69), the registry returned an entity whose registered address equals the address disclosed on the platform. The Baidu Maps searches, run in Chinese characters on October 1, 2026

(for No. 67, the earlier Google Maps captures), resolved the building, compound, market floor, or room scheme at the stated location, but for none of the nine did the searches show a business bearing the Defendant's name at the stated location. The stated units are a numbered workstation inside a room (No. 18), a stall in a market complex (No. 25), shop premises in a resettlement area (No. 37), rooms or units in compounds that map only by a unit pattern or at the compound gate, at which between three and nine entities are registered (Nos. 46, 52, 61, and 67), and a market-floor unit (Nos. 64 and 69). For No. 52, the map shows a different business as a co-tenant of the stated room. For Nos. 18 and 25, Amazon's production lists an address different from the one on the storefront, and I could not determine which address, if any, is a place where either Defendant can be served. For No. 69, the registry shows a second registered address for the same entity; the disclosed address corresponds to one of the two. For each of the nine Defendants, the address that the investigation identifies as the most likely to be the Defendant's, the disclosed and registered address, was not verified as a real, current location at which the Defendant could be served, and it is not an address to which a request under the Hague Service Convention could reliably be directed. The results for each Defendant are stated in Exhibits A and B.

12. **Hong Kong.** Tianyancha and Baidu Maps cover the mainland and were not used as diligence for the Hong Kong addresses. The Google Maps searches for the six Hong Kong Defendants did not verify any stated address as a location connected to the Defendant: for Nos. 45, 82, and 84, Google Maps did not return 704 Prince Edward Road East; for No. 48, the stated room corresponds to the listed premises of a business center ("Venture Offices"); and for Nos. 59 and 62, Google Maps located the building but showed no room or tenant connecting the Defendant to it.

13. **Vietnam.** No. 86 states an address in Da Nang, Vietnam, on its website. Google Maps places that address on a card for a company named "Cong Ty TNHH Warriors Holding," and PayPal's production identifies the account holder as Warriors Holding Limited Liability Company. I did not run any PRC registry or mapping service for this address.

14. **Conclusion.** For each of the 70 PRC Defaulting Defendants, the searches described above did not verify the stated address as a real, current location at which the Defendant could be served. The specific result for each Defendant is stated in Exhibit A.

15. Exhibit A is a true and correct compilation, for each Defaulting Defendant, of the stated address, the search results, and the address in the platform's records described above. Exhibit B is a true and correct compilation of the Tianyancha registry-check results described above. Both were prepared in the course of the investigation I conducted or supervised, and I personally read, interpreted, and reviewed the Chinese-language records they contain. The underlying captures are maintained by my office and are available to the Court on request.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 16, 2026.

*/s/ Yanling Jiang*
Yanling Jiang
*Counsel for Plaintiff*